UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 3:11-CR-00131-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ENRIQUE BUENROSTRO, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Enrique Buenrostro's ("Buenrostro") Motion for Reconsideration of the Court's Order Denying the Joint Stipulation for a Reduction of Sentence under 18 U.S.C. § 3582(c)(2). Doc. #186.[1] On July 9, 2012, Buenrostro pleaded guilty pursuant to a written plea agreement to one count of distribution of heroin near a school, and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 860, and 18 U.S.C. § 2. Doc. #137. The Probation Office submitted a Presentence Investigation Report on April 18, 2012, recommending that the Court impose the high end of the sentencing guideline of 63 to 78 months. The Court agreed, and imposed a sentence of 78 months on July 10, 2010. Doc. #140.

On September 18, 2014, Buenrostro filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting a two-point reduction of his total offense level under the statute. Doc. #173. The parties filed a Joint Stipulation for a Sentence Reduction pursuant to

---

[1] Refers to the Court's docket number.

18 U.S.C. § 3582(c)(2) on January 22, 2015.  Doc. #180.  The Court denied Buenrostro's motion and rejected the joint stipulation on April 27, 2015, finding that the sentence imposed was appropriate notwithstanding § 3582(c)(2) due to "the relevant conduct attributable to the defendant as set forth in the Presentence Investigation Report, as well as the violent nature of the defendant's prior criminal history."  Doc. #184.

Buenrostro filed his Motion to Reconsider on May 1, 2015.  Doc. #186.[2]  Buenrostro requested that the Court reconsider and exercise its discretion to reduce his sentence.  A court can reconsider a final judgment in a number of enumerated circumstances, and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see United States v. Okafor*, 550 Fed. Appx. 414, 414-15 (9th Cir. 2013) (acknowledging that defendants can file a motion to reconsider a court's denial of a sentence reduction under Rule 60(b)).

The Court again finds that a sentence of 78 months is appropriate given the nature of Buenrostro's conduct and criminal history.  A number of factors contributed to the Court's determination that Buenrostro was not entitled to a reduction of his sentence. These included, but are not limited too, the following: (1) the large quantity of heroin involved; (2) Buenrostro's involvement in multiple sales of heroin; (3) that Buenrostro sold heroin within 1000 feet of a high school; (4) Buenrostro's exposure of a small child to his activities, including attempts to dispose of drugs to avoid law enforcement recovery; (5) the police officers' recovery of cellular telephones used to conduct drug transactions; (6) Buenrostro's status as a major conspirator in the charged offense; and (7) Buenrostro's violent prior criminal history.  Based on these factors, the Court finds that the sentence of 78 months is sufficient but not greater than necessary to meet the objectives of sentencing articulated by 18 U.S.C. § 3553(a).  A sentence of less than 78 months would not satisfy those objectives.

---

[2] Buenrostro's Motion included a request that the Court toll the time for filing a notice of appeal for fourteen days from the date that the Court ruled on the Motion to Reconsider.  The Court granted this request on May 11, 2015.  Doc. #187.

2

Accordingly, the Court denies Buenrostro's Motion to Reconsider the Court's denial of the parties' joint stipulation for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The Court also hereby lifts its stay of this case. Any notice of appeal must be filed within fourteen days of this Order.

IT IS THEREFORE ORDERED that Buenrostro's Motion to Reconsider (Doc. #186) is DENIED.

IT IS FURTHER ORDERED that if either party wishes to appeal, a notice of appeal must be filed within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 22nd day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE